UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAVITA PURI,  :
    Plaintiff,  :
                            :
    v.  :    Civil No. 3:10-cv-00118 (PCD)
                            :
HARTFORD LIFE AND ACCIDENT  :
INSURANCE COMPANY  :
    Defendant.  :

## RULING ON MOTION TO DISMISS

Plaintiff Kavita Puri filed this lawsuit alleging that she was improperly denied long term disability benefits under the terms of the Wildman, Harrold, Allen & Dixon LLP Group Long Term Disability Policy ("the Plan") in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Defendant Hartford Life and Accident Insurance Company has moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(3), on the grounds of improper venue, or Rule 12(b)(6) on the grounds that Hartford is an improper party to the action, or in the alternative, for an order transferring the action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). For the reason set for below, Defendant's Motion to Dismiss [Doc. No. 9] is **denied**.

## I. BACKGROUND[1]

Plaintiff was formerly employed as an Associate Attorney at Wildman, Harrold, Allen &

---

[1] A court considering a motion to dismiss for failure to state a claim must accept the facts alleged in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, the statement of facts that follows is derived in large part from Plaintiff's Complaint. Because this ruling also involves a motion to dismiss pursuant to Rule 12(b)(3), however, the statement of facts also refers to evidence outside the pleadings. Roncaioli v. Investec Ernst & Co., No. 3:02-CV-2113 (SRU), 2003 WL 22244936, at *1 (D. Conn. Sept. 26, 2003) (citations omitted); see also New Moon Shipping Co., Ltd. v. Man B & W Diesel AG, 121 F.3d 24, 26 (2d Cir. 1997).

1

Dixon LLP ("Wildman"). (Compl. ¶ 10.) Wildman provided long-term disability coverage to its employees, including the Plaintiff, pursuant to an employee benefit plan (hereinafter the "Plan"), which is governed by ERISA. (Id. at ¶ 11.) The Plan was underwritten by Defendant Hartford Life and Accident Insurance Company ("Hartford") pursuant to Group Policy No. SR-83094724 (the "Group Policy"). (Id. at ¶ 9.) Hartford is the claims administrator of the Plan and has made all claims determinations under the Plan, (id. at ¶ 6,8); Wildman is named as the Plan Administrator in the Summary Plan Description. (Def. Ex. A).

Plaintiff is rendered disabled as a result of severe fatigue and cognitive issues brought on by multiple strokes. (Compl. ¶ 12.) On or about June 18, 2003, Plaintiff filed for long-term disability benefits under the Plan, and Hartford approved her claim on July 31, 2003. (Id. at ¶¶ 33, 34.) Plaintiff received benefits under the Plan until October 2, 2008 when Hartford discontinued Plaintiff's long-term disability benefits based on its determination that Plaintiff was capable of earning more than 80% of her pre-disability salary. (Id. at ¶¶ 55, 57.) Plaintiff appealed Hartford's denial of benefits, but her appeal was denied. (Id. at ¶¶ 61, 73.)

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). In ruling on a motion under Fed. R. Civ. P. 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the

2

complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp, 482 F.3d 184, 191 (2d Cir. 2007).

The district court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

For the purposes of a Rule 12(b)(6) motion to dismiss, the court must take all of the factual allegations in the complaint as true. However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions." Bell Atlantic, 550 U.S. at 555.

When ruling on a Rule 12(b)(3) motion to dismiss for improper venue, "[t]he court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged a court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." Indymac Mortgage Holdings, Inc. v. Reyad, 167 F. Supp. 2d 222, 237 (D. Conn. 2001) (internal marks and citations omitted); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, Civil 2d § 1352 (1990 & Supp.1999). The plaintiff bears the burden of showing that venue in the forum is proper. Reyad, 167 F. Supp. 2d at

3

237. When deciding a motion to dismiss for improper venue, courts may consider materials outside the pleadings. Roncaioli v. Investec Ernst & Co., No. 3:02-CV-2113 (SRU), 2003 WL 22244936, at *1 (D. Conn. Sept. 26, 2003) (citations omitted); see also New Moon Shipping Co., Ltd. v. Man B & W Diesel AG, 121 F.3d 24, 26 (2d Cir. 1997). If the court determines that venue is improper, it may dismiss or transfer the case to any district in which the case could have been brought. Abramski v. Potter, No. 3:05-CV-22 (SRU), 2005 WL 3021926, at *2 (D. Conn. Oct. 31, 2005) (citing Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993)). The district court has discretion under 28 U.S.C. § 1406(a) to determine whether to dismiss or transfer the action. Id.

### III. DISCUSSION

*A. Proper ERISA Defendants*

The Defendant argues that Hartford is not a proper defendant in a claim under ERISA § 502(a)(1)(B) for recovery of benefits. Within the Second Circuit, "the plan and the administrators and trustees of the plan in their capacity as such may be held liable" in a recovery of benefits claim. Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989). See also Crocco v. Xerox Corp., 137 F.3d 105, 107 (2d Cir. 1998). "If an insurance company controls the distribution of funds and decides whether or not to grant benefits under an employee benefit plan, then it can be sued as a plan administrator." Sheehan v. Metro. Life Ins. Co., No. 01 CIV. 9182(CSH), 2002 WL 1424592, at * 3 (S.D.N.Y. 2002); see also Cole v. Aetna Life & Cas., 70 F. Supp 2d 106, 115-16 (D. Conn. 1999); G.R.J.H. v. Oxford Health Plans, Inc., No. 07-CV-00068 (NAM/RFT), 2009 WL 1362985, at *6 (N.D.N.Y. 2009). In this case, the plan description states that Hartford has *sole* discretionary authority to determine "eligibility for and

4

entitlement to benefits under the Plan and to interpret the terms and provisions of any insurance policy issued in connection with the plan." (Def. Ex. A.) At this stage of the pleadings when the court must interpret all facts in the light most favorable to the Plaintiff, the court finds that the materials before the court sufficiently allege that Hartford controlled the administration of the Plan and can, therefore, be sued as a plan administrator. For these reasons, the motion to dismiss on the grounds that Hartford is an improper party to the action is **denied.**

*B. Venue*

ERISA § 502(e)(2), 29 U.S.C. 1132(e)(2), states that venue is proper for an ERISA benefits claim in any of three locations: (1) the district where the plan is administered; (2) where the breach took place; or (3) where a defendant resides or may be found. Venue is proper in this Court because Hartford, with its principal place of business in Simsbury, Connecticut (Def. Mem. at 7), is a resident of this District. Therefore, Hartford's motion to dismiss on the grounds of improper venue is **denied**.

*C. Transfer*

Since the court has denied the Defendant's motion to dismiss, the Defendant requests, over the opposition of Plaintiff, that this action be transferred to the Northern District of Illinois. A court may, in its discretion, transfer an action to any other district where it might have been brought for the convenience of parties or witnesses or in the interest of justice. 28 U.S.C. § 1404(a). The burden is on the moving party to establish that a change of venue is appropriate. Factors, Etc., Inc. v. Pro Arts Inc., 579 F.2d 215, 218 (2d Cir. 1978), *abrogated on other grounds by* Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir. 1990). Furthermore, "a plaintiff's choice of

5

forum is presumptively entitled to substantial deference. Indeed, our legal system has traditionally deferred to the plaintiff's choice of forum, and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gross v. British Broadcasting Corp., 386 F.3d 224, 230 (2d Cir. 2004) (internal citations omitted).

In this case, the action could have been brought in the Northern District of Illinois because the Plan is administered within that District. However, in consideration of the substantial deference that the Court must give to Plaintiff's chosen forum, Defendant has not presented convincing evidence that transfer is appropriate. First, transfer is not indicated for the convenience of the parties. Since Hartford resides within the District, it would certainly not inconvenience them to litigate the action within the District. Second, Hartford admits that a transfer is not required for the convenience of the witnesses. Finally, Hartford has also not provided any compelling reason as to why trial efficiency or the interests of justice would favor transfer. In summary, Defendant has not established that the deference owed to the Plaintiff's choice of forum should be disturbed. Accordingly, Defendant's motion to transfer is **denied**.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 9] is **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, October  31 , 2010.

/s/

Peter C. Dorsey, U.S.D.J.